**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TEMMY L. DIXON JR. and CIRSTEN M. NUNN, | ) ) ) | |
| | ) | Case No. 24-cv-2891 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| TIMOTHY M. LAMMERT, DANIEL P. CONDREVA, and THE CITY OF CHICAGO, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs Temmy L. Dixon Jr. and Cirsten M. Nunn, represented by their attorneys Ed Fox & Associates, Ltd., bring this complaint against Defendants Timothy M. Lammert, Daniel P. Condreva, and the City of Chicago, alleging as follows:

**JURISDICTION AND VENUE**

1.      This action is based on the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

2.      Jurisdiction for this case is conferred upon this Court under 28 U.S.C. Sections 1343, 1331, and 1367.

3.      The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391, as the acts in question occurred within this district.

**PARTIES**

4.      Plaintiffs Temmy L. Dixon Jr. ("Plaintiff Dixon") and Cirsten M. Nunn ("Plaintiff Nunn") (collectively "Plaintiffs") were citizens of the United States and were within the jurisdiction of this Court.

5.      Defendants Timothy M. Lammert ("Defendant Lammert") and Daniel P. Condreva

("Defendant Condreva") (collectively "Defendant Officers") were police officers in the Chicago Police Department.

6.      The City of Chicago ("the City") is a political division of the State of Illinois and serves as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of the City. Pursuant to the doctrine of *respondeat superior*, the City bears liability for all state law claims committed by their representatives, employee, and agents acting within that scope.

7.      Defendant Officers acted under the color of law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

8.      On or about February 29, 2024, Plaintiff Dixon was operating a vehicle.

9.      Plaintiff Nunn was sitting in the front passenger seat of the vehicle.

10.      Defendant Officers conducted a traffic stop of the vehicle.

11.      Defendant Lammert approached the vehicle from the driver's side and Defendant Cordova approached the vehicle from the front passenger side.

12.      Immediately upon approaching the vehicle, Defendant Lammert stated that he smelled cannabis.

13.      There was no cannabis smell emanating from the vehicle.

14.      Defendant Lammert commanded Plaintiff Dixon to exit the vehicle.

15.      There was no just cause to command Plaintiff Dixon to exit the vehicle.

16.      Plaintiff Dixon complied and exited the vehicle.

17.      Defendant Officers handcuffed Plaintiff Dixon.

18.      There was no just cause to handcuff Plaintiff Dixon.

19.      Defendant Officers commanded Plaintiff Nunn to exit the vehicle.

20.      There was no just cause to exit the vehicle.

2

21. Plaintiff Nunn complied and exited the vehicle.

22. Defendant Lammert searched the vehicle.

23. There was no just cause to search the vehicle.

24. Defendant Lammert did not find any contraband inside the vehicle.

25. Defendant Officers released Plaintiffs without filing any charges.

26. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officer, Plaintiffs suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

27. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiffs retained attorneys to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorneys' fees under 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I
## FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT

29. Plaintiff Dixon hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. Defendant Officers deprived Plaintiff Dixon of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

31.     Defendant Officers violated Plaintiff Dixon's Constitutional rights by arresting him without just cause.

32.     The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff Dixon's rights.

33.     As a result, Plaintiff Dixon was injured emotionally, financially, and/or otherwise from the loss of certain constitutionally protected liberty and related rights.

34.     Therefore, Defendant Officers are liable pursuant to 42 U.S.C. § 1983.

## COUNT II
## PROLONGED DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

35.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

36.     Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

37.     Defendant Officers violated Plaintiffs' Constitutional rights by prolonging the traffic stop without just cause.

38.     The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights.

39.     As a result, Plaintiffs were injured emotionally, financially, and/or otherwise from the loss of certain constitutionally protected liberty and related rights.

40.     Therefore, Defendant Officers are liable pursuant to 42 U.S.C. § 1983.

## COUNT III
## UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT

41.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

42.     Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

43.     Defendant Officers violated Plaintiffs' Constitutional rights by searching and/or allowing their vehicle to be searched without just cause.

44.     The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiffs' rights.

45.     As a result, Plaintiffs were injured emotionally, financially, and/or otherwise from the loss of certain constitutionally protected liberty and related rights.

46.     Therefore, Defendant Officers are liable pursuant to 42 U.S.C. § 1983.

## COUNT IV
## FALSE IMPRISONMENT/ARREST IN VIOLATION OF STATE LAW

47.     Plaintiffs incorporate and reallege paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

48.     Defendant Officers intentionally confined Plaintiffs within fixed boundaries.

49.     Defendant Officers violated the law by causing Plaintiffs to be imprisoned/arrested longer than necessary.

50.     Plaintiffs' prolonged imprisonment/arrest was unnecessary and unreasonable.

51.     Plaintiffs suffered emotional and other damages from the unlawful acts of Defendant Officers.

52.     Therefore, the City is liable under the doctrine of *respondeat superior* for the state law claims of false imprisonment/arrest.

Plaintiffs request judgment as follows:

1.     Defendants pay their general damages, including emotional distress, in a sum to be ascertained;

5

2.      Defendants pay their special damages;

3.      Defendants pay their attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable laws;

4.      Defendant Officers pay punitive and exemplary damages in a sum to be ascertained;

5.      Defendants pay their costs of the suit herein incurred; and

6.      Plaintiffs have such other and further relief as this Court may deem just and proper.


Dated: April 10, 2024

Respectfully submitted,

*s/Peter T. Sadelski*
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
efox@efoxlaw.com
Attorneys for Plaintiffs

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

*s/Peter T. Sadelski*
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
efox@efoxlaw.com
Attorneys for Plaintiffs